UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FRANK GATTUSO, individually and
on behalf of all others similarly
situated,

               Plaintiff,

    v.

INTERSTATE NATIONAL DEALER
SERVICES,

               Defendant.

NO. _____

**CLASS ACTION COMPLAINT
FOR DAMAGES AND
INJUNCTIVE RELIEF**

**DEMAND FOR JURY**

Plaintiff Frank Gattuso ("Plaintiff"), by his undersigned counsel, for this

class action Complaint against Defendant, Interstate National Dealer Services, and

its present, former, or future direct and indirect parent companies, subsidiaries,

affiliates, agents, and/or other related entities (hereinafter referred to as

"Defendant"), alleges as follows:

## I.     INTRODUCTION

1.    <u>Nature of Action</u>.  Plaintiff, individually and as class representatives

for all others similarly situated, brings this action against Defendant for violations

of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II.     PARTIES

2.    Plaintiff Frank Gattuso is a citizen of New York, and resides in

Onondaga County, New York.

3.     Defendant is a corporation with its principal place of business in Atlanta, Georgia.

### III.    JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5.     This Court has personal jurisdiction over Defendant because it is subject to general jurisdiction in this District and has its principal place of business in this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and a substantial part of the events or omissions given rise to the claims of Plaintiff and the class members occurred in this District.

### IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called

party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

9.     Additionally, the TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes…"  *See* 47 U.S.C. § 227(b)(1)(B).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

10.     Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."  *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

11.     The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed

by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## V.     FACTUAL ALLEGATIONS

12.     Defendant Interstate National Dealer Services is a publicly traded company that offers automobile warranties.  Its headquarters is in Atlanta, Georgia.

13.     Part of Defendant's strategy for increasing the volume of its customers involves the use of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages to solicit business.

14.     Defendant uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

15.     Many of the recipients of these calls did not consent to receive such telephone calls.

16.     Defendant also makes calls using an ATDS and/or artificial or prerecorded voice to cellular telephones whose owners have not provided express prior consent to receive such calls.  Plaintiff received such calls without providing any type of prior consent.

A.     Factual Allegations Regarding Plaintiff

17.     In September of 2017, Plaintiff began receiving multiple telemarketing calls on his cellular telephone from, or on behalf of, Defendant.

18.     The calls consisted of a prerecorded message which stated words to the effect that the call was about extending automobile warranties.

19.     On at least two occasions, Plaintiff spoke with a live operator. Plaintiff asked the operator to identify the company on behalf of which it was calling, and both times the operator identified National Dealer Services.

20.     The calls continued into March of 2018.

21.     In March of 2018 Plaintiff chose to be placed on Defendant's internal "do not call" list by selecting the automated option on one of the calls.

22.     However, the calls continued.

23.     Plaintiff did not provide prior express consent, written or otherwise, to receive prerecorded telephone calls on his cellular telephone from, or on behalf of, Defendant.

24.     Defendant is responsible for making the above-described automated calls.

25.     Defendant has made a significant number of automated and/or prerecorded calls to persons throughout the United States.

26.     Defendant intends to continue to make similar automated and/or prerecorded calls to persons on their cellular telephones throughout the United States.

## VI.     CLASS ACTION ALLEGATIONS

27.     <u>Class Definition</u>.  Pursuant to Rules 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of a national class defined as follows:

> All persons in the United States to whom: (a) Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency telephone calls; (b) promoting Defendant's goods or services; (c) to their cellular or landline telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

28.     In addition, Plaintiff brings this case on behalf of a subclass (the "Subclass") of consumers who elected to be placed on Defendant's internal "do not call" list but received calls anyway.

29.     Excluded from the Class and Subclass are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

30.   <u>Numerosity</u>.  The Class and Subclass are both so numerous that joinder of all members is impracticable.  On information and belief, the Class and Subclass have thousands of members.  Moreover, the disposition of the claims of the Class and Subclass in a single action will provide substantial benefits to all parties and the Court.

31.   <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class and Subclass.  These common questions of law and fact include, but are not limited to, the following:

a.      Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b.      Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages; and

c.    With respect to the Subclass, whether Defendant keeps an internal "do not call" list and whether it places calls or allows calls to be placed on its behalf to members of the Subclass.

32.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class and Subclass.  Plaintiff's claims, like the claims of Class and Subclass members, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

33.    <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and Subclass and have the financial resources to do so.  Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class or Subclass.

34.    <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class and Subclass.  The common issues arising from this conduct that affect Plaintiff and members of the Class and Subclass predominate over any individual issues.  Adjudication of these common

issues in a single action has important and desirable advantages of judicial economy.

35.   <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of individual members of the Class and Subclass in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

36.   <u>Injunctive and Declaratory Relief Is Appropriate</u>.  Defendant has acted on grounds generally applicable to the Class and Subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass appropriate on a classwide basis.  Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendant and/or its

affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.   LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)**

37.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

39.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are

entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violations of the Telephone
Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

41.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

43.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on behalf of, Defendant, knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## THIRD CLAIM FOR RELIEF
### (Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) – Internal Do-Not-Call List) (Brought by Plaintiff on Behalf of the Subclass)

45.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call

for telemarketing purposes to Plaintiff and members of the Subclass, without following procedures for maintaining a list of persons who request not to receive telemarketing calls ("internal do-not-call list").  This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

47.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Subclass are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

48.     Plaintiff and members of the Subclass are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**FOURTH CLAIM FOR RELIEF**
**(Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) –Internal Do-Not-Call List)**
**(Brought by Plaintiff on Behalf of the Subclass)**

49.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

50.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiff and members of the Subclass without following procedures for maintaining a list of persons who request not to receive telemarketing calls.  This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

51.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Subclass are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

52.     Plaintiff and members of the Subclass are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. §

14

64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class and Subclass, prays for judgment against Defendant as follows:

A.      Certification of the proposed Class and Subclass;

B.      Appointment of Plaintiff as the representative of the Class and Subclass;

C.      Appointment of Plaintiff's counsel as counsel for the Class and Subclass;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the Class and Subclass of $1500 in damages per violation or as allowed by law;

G.     An award to Plaintiff and the Class and Subclass of attorneys' fees and costs, as allowed by law and/or equity;

H.     Leave to amend this Complaint to conform to the evidence presented at trial; and

I.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## IX.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

**ROBIN FRAZER CLARK, P.C.**

<u>/s/ Robin Frazer Clark</u>
STATE BAR NO. 274620
*Attorney for Plaintiff*
*and the Proposed Class*

ROBIN FRAZER CLARK, P.C.
CENTENNIAL TOWER, SUITE 2300
101 MARIETTA STREET, NW
ATLANTA, GA  30303
Phone: 404.873.3700
Fax: 404.876.2555
robinclark@gatriallawyers.net